State vs. Davis.

---

## No. 9403.

### THE STATE OF LOUISIANA VS. JEFFERSON DAVIS.

Witnesses regularly *subpœnaed* and served to attend the trial of a stated criminal case, at a regular term, are bound to attend at such term and at any special term duly ordered, without being re-summoned, and to hold themselves in readiness to serve until regularly discharged.

An application for a continuance, on the ground of the absence of such witnesses, is well founded and should not have been overruled, because the witnesses should have been *subpœnaed* anew.

APPEAL from the Seventh District Court, Parish of Catahoula. *Ellis*, judge *ad hoc*.

*M. J. Cunningham*, Attorney General, and *L. A. Thompson*, District Attorney, for the State, Appellee.

*Boatner & Boatner* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The accused appeals from a sentence to hard labor for eighteen months, on a prosecution and conviction of larceny.

State vs. Davis.

He complains, by bill, of the refusal of the district judge to grant him a continuance to procure his witnesses, under circumstances stated in his *affidavit*, and which entitled him to such postponement.

The record shows that *subpœnas* were issued on the 11th of July, 1884, and served on the 2d of the following month to attend on the 5th of the same month ; that on the 6th of July, 1885, *subpœnas* were again issued to said. witnesses; that the case, not having been tried at the term at which it might have been, the court, at the instance of the district attorney ordered, on September 9, 1884, a special jury term and the calling of special jury for the second Monday of January, 1885, directing specially that the accused in the cases mentioned in the application attend the court for trial at said term, as also that the witnesses in such cases be notified to be present.

The case was called on the 14th of January, 1885. The witnesses subpœnaed by the accused were called, but did not answer. Some had been served personally. As to one, the *subpœna* had been returned signed in blank by a deputy sheriff.

The accused moved for attachments and for a continuance, offering an *affidavit* sufficiently broad to entitle him thereto.

The district judge *ad hoc* refused the application on the ground that the witnesses who had been served had not been re-subpœnaed for the special term, and that, as to the other, the sheriff's return did not show how service had been made ; that, as the accused had not shown due diligence he was not entitled to a continuance.

The accused then moved a postponement until the deputy sheriff who had made the return in blank and who happened just then to be temporarily absent, should return to complete or perfect his return but the court overruled the motion, and proceeded with the trial, which resulted in a conviction of the defendant, whose witnesses were not heard.

We are aware of no law, and we have been referred to none which requires that witnesses who have been duly summoned and served to attend at a term the trial of stated case, shall be subpœnaed again if the case be not then reached and go over for future trial. Witnesses thus notified must appear and continue to do so, at the term at which they were summoned and at succeeding terms, until regularly discharged from further attendance.

Besides, it does seem to us that the accused, who has no control of the sheriff and of his deputies, could not have compelled the officer to make a return before the time when his case was called for trial. It

was the duty of the officer who made the service to have stated how he made it and not to have indorsed the *subpœna* in blank as he did.

Surely, under such circumstances, the accused had a right then to have the return perfected, and if the deputy who had made it in blank was absent, he was entitled to a postponement until his return.

More than this, the accused had a right to trust that the special order of the district judge, made on September 9, 1884, would protect him and would be obeyed. That order directed that the witnesses in the cases alluded to in the district attorney's application be notified to be present at the special term.

The witnesses should either have been notified under this order, or were notified by it, if a new notice was necessary; or should have taken note of the order calling the special term, without any new notice, if none was necessary.

We are at loss to perceive how the accused has failed to use the due diligence which the law expected of him, and think that he was entitled to the continuance which was improperly declined him. Constitution, art. 8; 31 Ann. 190; 18 Ann. 226; 33 Ann. 1147; 31 Ann. 88-90; 90; R. S. 992.

It is therefore ordered and decreed that the verdict of the jury be avoided and annulled, and that the judgment of sentence on it be reversed and set aside; and it is further ordered and decreed that the case be remanded for further proceedings according to law, in the lower court.